Mary BAUSWORTH, Appellant,

v.

HAZELWOOD SCHOOL
DISTRICT, Appellee.

No. 92–2001.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1992.

Decided Feb. 25, 1993.

Rehearing and Rehearing En Banc
Denied April 27, 1993.

Ross Harry Briggs, St. Louis, MO, argued, for appellant.

John J. Horgan, St. Louis, MO, argued (John J. Horgan and Christiana M. Rush, on the brief), for appellee.

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

FAGG, Circuit Judge.

After the Hazelwood School District decided not to rehire bus driver Mary Bausworth, Bausworth brought this 42 U.S.C. § 1983 action against the school district asserting the termination violated the First Amendment. The district court granted the school district's motion for summary judgment, concluding Bausworth failed to show her speech was a substantial factor in her termination. Bausworth appeals and we affirm.

■ Bausworth claims the school district terminated her in retaliation for certain speech involving the district's decision to charge parents for bus transportation costs of a student field trip. According to Bausworth's complaint, a student's parent asked Bausworth about the charge's justification in April 1990. Bausworth relayed the question to the school district's assistant director of transportation, who told Bausworth the expense should have been included in the school budget. Bausworth conveyed this response to the parent. In May 1990, the parent filed a complaint with the Missouri Department of Education asserting the field trip charge was improper. On June 5, 1990, Bausworth asked a school board member about the district's policy on charging parents for field trip transportation. Based on these undisputed facts, Bausworth claimed the school district's termination of her employment later in June 1990 violated her right to freedom of speech.

■ To state a claim under 42 U.S.C. § 1983, a public employee asserting a freedom of speech violation must establish the First Amendment protects the speech involved and the protected speech was a substantial factor in the adverse employment decision. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *Cox v. Miller County R–I Sch. Dist.*, 951 F.2d 927, 931 (8th Cir.1991). The protected status of speech is a question of law, *Connick v. Myers*, 461 U.S. 138, 148 n. 7, 103 S.Ct. 1684, 1690 n. 7, 75 L.Ed.2d 708 (1983), and thus, is readily susceptible to summary judgment disposition. *Pearson v. Macon–Bibb County Hosp. Auth.*, 952 F.2d 1274, 1278 (11th Cir.1992).

■ To establish the First Amendment protects a public employee's speech, the employee must make a threshold showing that the speech addressed a matter of public concern. *Stever v. Independent Sch. Dist. No. 625*, 943 F.2d 845, 850 (8th Cir. 1991); *Connick*, 461 U.S. at 143, 103 S.Ct. at 1688. To decide whether speech addressed a matter of public concern, we examine the speech's content, form, and context. *Connick*, 461 U.S. at 147–48, 103 S.Ct. at 1690. In making our examination, we focus on the employee's role in conveying the speech rather than the public's interest in the speech's topic. *Terrell v. University of Tex. Sys. Police*, 792 F.2d 1360, 1362 (5th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987). Thus, speech is a matter of public concern when a public employee speaks as a concerned citizen, but not when the employee speaks as an employee. *Id.; Schalk v. Gallemore*, 906 F.2d 491, 495 (10th Cir. 1990) (per curiam); *Thomson v. Scheid*, 977 F.2d 1017, 1020 (6th Cir.1992); *see Connick*, 461 U.S. at 147, 103 S.Ct. at 1690; *Cox v. Dardanelle Pub. Sch. Dist.*, 790 F.2d 668, 672 (8th Cir.1986). When focusing on the employee's role, we consider whether the employee attempted to communicate the speech to the public at large and the employee's motivation in speaking.

*Deremo v. Watkins,* 939 F.2d 908, 910–11 & n. 3 (11th Cir.1991); *see Connick,* 461 U.S. at 148, 103 S.Ct. at 1690. Absent highly unusual circumstances, a federal court is not the appropriate forum for reviewing a public employer's reaction to an employee's speech when the employee did not speak as a citizen on a matter of public concern. *Connick,* 461 U.S. at 147, 103 S.Ct. at 1690.

In our view, Bausworth did not speak in her role as a citizen. Bausworth received a question from a student's parent, repeated the question to her superior, received the superior's response, and repeated the answer to the parent. Although it turned out that the content of Bausworth's speech was a matter of concern to the parent, the speech's form and context show Bausworth conveyed the speech in the course of acting as a school district employee. Bausworth engaged in nothing more than a job-related chore to get information for a student's parent. Bausworth neither espoused a personal opinion that the charge was incorrect nor sought to make a public issue of any school district mistake. *See Connick,* 461 U.S. at 148, 103 S.Ct. at 1690. Because Bausworth failed to establish a First Amendment violation, the district court properly granted summary judgment in the school district's favor. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (when the nonmoving party fails to establish an essential element of its case, summary judgment against that party is mandated).

Bausworth argues the school district's summary judgment motion did not inform her of the motion's basis as Federal Rule of Civil Procedure 56 requires. This argument is meritless. Bausworth also argues the district court abused its discretion in ruling on certain motions related to the causation for her termination, and there is a genuine issue of material fact regarding the district's motivation in terminating her. Because we cannot fairly characterize Bausworth's inquiries and response as constituting a citizen's speech on a matter of public concern, we need not decide her arguments related to the reason for her dismissal. *See Connick,* 461 U.S. at 146, 103 S.Ct. at 1689.

Accordingly, we affirm.

MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring.

I believe that the district court correctly concluded that plaintiff had failed to make out a submissible case on a causal connection between her speech and her termination; and my views on this do not change even after seeing an affidavit submitted by plaintiff, after summary judgment, that the district court refused permission to file. I am, however, unable to join the court's opinion because, with respect, I think that it much too narrowly defines what kind of speech is protected under *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). In my view, speech that either directly, or by reasonable inference, criticizes public officials' use of the public's funds lies at the core of the speaker's First Amendment rights. I believe that this is the proper characterization of the case before us. This is not a case in which the plaintiff was speaking "upon matters only of personal interest," *id.* at 147, 103 S.Ct. at 1690.