James LESHER; Dawn Lesher, Plaintiffs–Appellants,

v.

Randy REED, Individually and In His Official Capacity as Assistant Chief of Police for The City of Little Rock, Arkansas; W.W. Williams, In His Official Capacity as a Captain with the City of Little Rock, Arkansas Police Department; J.E. Keathly, In His Official Capacity as a Sergeant with The Little Rock, Arkansas Police Department; Louie Caudell, In His Official Capacity as Chief of Police of The City of Little Rock, Arkansas; City of Little Rock, Arkansas, Defendants–Appellees.

No. 93–1441.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Jan. 5, 1994.

---

Robert A. Newcomb, Little Rock, AR, argued, for plaintiffs-appellants.

Jeanette L. Hamilton, Little Rock, AR, argued (Thomas M. Carpenter and Jeanette L. Hamilton, on the brief), for defendants-appellees.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge

FLOYD R. GIBSON, Senior Circuit Judge.

James and Dawn Lesher appeal the district court's dismissal of their lawsuit against officers of the Little Rock Police Department ("LRPD") and the City of Little Rock for violations of the First and Fourth Amendments. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

James Lesher was a Little Rock police officer assigned to the canine squad. He entered into a written agreement with the City of Little Rock to donate a dog to the LRPD. The donation agreement provided that James could reclaim custody and control of the dog if the LRPD determined the animal was unsuitable for police work. The agreement also stated that the LRPD could

dispose of the dog if James did not reclaim the animal within a certain amount of time or "for any other good cause shown."

The dog continued to live with James and his wife Dawn until the animal bit a young child. After learning of this incident, the LRPD notified the Leshers the dog was unsuitable for police work and the LRPD planned to destroy the animal. James responded that he intended to exercise his option to reclaim ownership of the dog. Acting on orders from the LRPD's Assistant Police Chief, Randy Reed, and a supervisor on the canine squad, W.W. Williams, officers went to the Leshers' home to remove the dog. James released the animal after he was informed he would be relieved of duty if he did not allow the officers to take the dog. Subsequently, the LRPD transferred James from his position on the canine squad to a regular patrol unit.

The Leshers complain that the LRPD's seizure of the dog violated the Fourth Amendment.[1] James claims that LRPD officials violated the First Amendment [2] because they transferred him in retaliation for his protesting their decision to kill the dog. Finding no constitutional issues in this case,, the district court granted the defendants' motion to dismiss for failure to state a claim. *See* Fed.Rule Civ.Pro. 12(b)(6) (1993). The Leshers appeal.

## II. DISCUSSION

### A. The Fourth Amendment Claim

In order to state a prima facie claim under 42 U.S.C. § 1983,[3] the plaintiffs must allege that the defendants, acting under color of state law, caused a constitutional violation. *Alexander v. Peffer,* 993 F.2d 1348, 1349 (8th Cir.1993). The Leshers complain that LRPD officers, acting without judicial authorization and on orders from LRPD officials, removed their dog from their home without their consent.

■ The district court concluded no constitutional violation had occurred because the LRPD owned the dog at the time the animal was taken from the Leshers' home. Regardless of the disputed ownership of this dog, the court erred in dismissing the Leshers' Fourth Amendment claim. A seizure of property occurs when there is some meaningful interference with a person's *possessory* interests in that property. *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). The Leshers' constitutional right against unreasonable seizures is not vitiated merely because the defendants believed the dog belonged to the LRPD. *See Soldal v. Cook County,* —— U.S. ——, ——, 113 S.Ct. 538, 548, 121 L.Ed.2d 450 (1992) ("[T]he reason why an officer might enter a house or effectuate a seizure is wholly irrelevant to the threshold question of whether the [Fourth] Amendment applies. What matters is the intrusion on the people's security from governmental interference.").

On appeal, the defendants urge that this case does not fit within Fourth Amendment framework because there was no search. Alternatively, the defendants argue no seizure occurred because James consented to "a voluntary relinquishment of the dog in response to a direct order from a superior." The defendants mistakenly focus on the fact that James was an LRPD employee.

■ The seizure of property is subject to Fourth Amendment scrutiny even though no search has occurred. *Id.* at ——, 113 S.Ct. at 547. Public employees, like private citizens, are entitled to the benefits of the Constitution, and the State may not coerce them into relinquishing a constitutional guarantee under threat of losing their employment. *Uniformed Sanitation Men Ass'n, Inc. v. Comm'r of Sanitation,* 392 U.S. 280, 284–85 n. 5, 88 S.Ct. 1917, 1920 n. 5, 20 L.Ed.2d 1089 (1968). A government employ-

---

1. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amend. IV.

2. "Congress shall make no law ... abridging the freedom of speech...." U.S. Const. amend. I.

3. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ..." 42 U.S.C. § 1983 (1986).

er's seizure of property possessed by an employee is clearly subject to Fourth Amendment restraints. *O'Connor v. Ortega,* 480 U.S. 709, 715, 107 S.Ct. 1492, 1496, 94 L.Ed.2d 714 (1987). Although a public employee's Fourth Amendment rights are, to some extent, diminished in the work place, *id.* at 725, 107 S.Ct. at 1501 ("the privacy interests of government employees in their place of work ... are far less than those found at home"), a public employee's rights with respect to searches or seizure in his home are no different than a private citizen's. If James were not an LRPD employee, the dog would obviously have been "seized" within the meaning of the Fourth Amendment. A search or seizure carried out in an individual's home without a warrant is *per se* unreasonable unless it falls within one of the well-defined exceptions. *Coolidge v. New Hampshire,* 403 U.S. 443, 474, 91 S.Ct. 2022, 2042, 29 L.Ed.2d 564 (1971); *see also United States v. Riedesel,* 987 F.2d 1383, 1388 (8th Cir.1993). We remand this case to the district court in order to determine whether the defendants can establish that this seizure was not unreasonable.

### B. The First Amendment Claim

 James alleges he was transferred from the canine squad because he protested the LRPD's decision to kill the dog. Articles in a local newspaper about whether the dog should be killed transformed this issue into a matter of public concern. In order for a public employee to state a claim for violation of his right to freedom of speech, he must demonstrate that the speech is protected by the First Amendment and that the speech was a substantial factor in an adverse employment decision. *Bausworth v. Hazelwood School District,* 986 F.2d 1197, 1198 (8th Cir.1993). To establish First Amendment protection, the employee must make a threshold showing that the speech was a matter of public concern; public concern is determined from the speech's content, form, and context. *Id.* James' complaint contains no specifics about what he said, where he said it, or who was involved. A public em-

ployee's personal complaints to his employers, even if they are about a matter of public interest, do not constitute protected speech. "Thus, speech is a matter of public concern when a public employee speaks as a concerned citizen, but not when the employee speaks as an employee." *Id.* James failed to state a nexus between his allegedly protected activity and the public's interest in the dog's fate.[4] We conclude the court properly dismissed the First Amendment claim.

### III. CONCLUSION

The district court's dismissal of the First Amendment claim is affirmed. The dismissal of the Leshers' Fourth Amendment claim is reversed and the case is remanded for proceedings consistent with this opinion.

---

4. Because James failed to demonstrate his speech was protected, we need not address the issue whether the protected speech was a sub- stantial factor in an adverse employment decision.