**James FULLER, Sr.; James Fuller, Jr., et al., Plaintiffs–Appellants,**

v.

**Officer VINES, et al., Defendants–Appellees.**

**No. 93–15098.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 17, 1994.

Decided Sept. 16, 1994.

As Amended on Denial of Rehearing and Rejection of Suggestion for Rehearing En Banc Nov. 23, 1994.

J. Kirk Boyd and Ruth M. Berkowitz, Boyd, Huffman & Williams, San Francisco, CA, for plaintiffs-appellants.

A. Byrne Conley and Terry Senne, Gibbons, Lees & Edrington, Walnut Creek, CA, for defendants-appellees.

Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.

HUG, Circuit Judge:

James Fuller, Sr., James Fuller, Jr., and others in the Fuller family ("the Fullers") sued police officers of the City of Richmond and the City of Richmond under 42 U.S.C. § 1983 for the killing of their pet dog, and James Fuller, Jr. ("James Jr.") sued for interference with his liberty rights when a police officer pointed a loaded gun at him when he objected to the killing of the dog.

The Fullers also alleged supplemental state statutory claims and common law claims.

The Fullers' initial complaint alleged only the constitutional violations of: (1) substantive due process and (2) procedural due process. Based on the Fullers' initial complaint, the defendants moved for summary judgment. In opposition, the Fullers filed a motion for leave to amend their complaint to allege a violation of the Fourth Amendment, contending first that the shooting of the dog was a seizure of the Fullers' property, and second that the action of the officers constituted a seizure of the person of James Jr. The district court granted the defendants' motion for summary judgment and, in doing so, denied the Fullers' motion to amend the complaint. The district court also dismissed the state law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

We review a grant of summary judgment *de novo. Jones v. Union Pacific R.R.*, 968 F.2d 937, 940 (9th Cir.1992). Although the events that gave rise to the Fullers' suit are in dispute, this case is before us on a grant of summary judgment, and therefore, we must accept the Fullers' portrayal of the facts as set forth in the sworn affidavits as true. *See McLaughlin v. Liu*, 849 F.2d 1205, 1207–08 (9th Cir.1988). Viewed in this light, the facts before the district court were as follows.

At approximately noon on September 3, 1991, police officers were investigating a matter when they passed by the Fullers' front yard. The Fullers were in the yard, along with their pet dog, "Champ." The Fullers allege that, as the officers approached, Champ merely stood up from where he had been lying. The officers, on the other hand, contend that Champ charged them, barking and growling. James Fuller, Sr. contends that he pleaded with the officers not to shoot his dog and told them that he could control him. Nonetheless, the officers shot Champ twice, and Champ died shortly thereafter.

After the shooting, James Jr. was upset and was "wrestled to the ground by his

friend out of fear of further confrontation" with the officers. The Fullers allege that one of the officers then pointed his gun at James Jr.'s head, drew back the hammer, and threatened to kill him, despite the fact that James Jr. was a "considerable distance" from the officers. The officers contend that James Jr. charged at them, and that a weapon was pointed at him in order to subdue him. The confrontation ended without further incident.

The Fullers filed suit in federal district court alleging that the shooting of Champ and the threat of force against James Jr. constituted violations of their civil rights pursuant to 42 U.S.C. § 1983. The complaint alleged that the officers violated the Fullers' procedural and substantive due process rights. The complaint included claims against the City of Richmond for failure to properly train and supervise its officers. The complaint also asserted state law claims for negligent and intentional infliction of emotional distress, assault, and destruction of property.

Based on the original complaint, the defendants moved for summary judgment. The Fullers filed an opposition to the summary judgment motion, including a motion for leave to amend their complaint. The proposed amendment would have added allegations that the officers unlawfully "seized" the Fullers' property when they killed Champ and unlawfully "seized" James Jr. when an officer pointed a gun at him, both in violation of the Fourth Amendment.

The district court heard argument on the motions on October 16, 1992. On November 3, 1992, the court entered a memorandum opinion and order. In the order, the court granted the defendants' motion for summary judgment, finding as a matter of law that the Fullers could not establish that the officers' actions deprived them of any due process rights guaranteed by the Constitution. The court then dismissed the pendent state law claims. The district court also denied the motion to amend, finding that the proposed amendment would not cure the deficiencies in the complaint.

The Fullers then moved for reconsideration under Fed.R.Civ.P. 60(b) claiming that the court should address their Fourth Amendment seizure claims. The court denied the motion under Rule 60 stating that the Fullers failed to plead a cause of action under the Fourth Amendment in their original complaint.

## II. DISCUSSION

The issues before this court are as follows. First, whether the district court erred in denying the Fullers' motion to amend their complaint. Second, whether the district court erred in determining that the proposed amended complaint failed to state a cause of action for the seizure of the dog in violation of the Fourth Amendment. Finally, whether the district court erred in determining that the actions of the officer in pointing a gun at James Jr. did not constitute a seizure of his person in violation of the Fourth Amendment. The Fullers do not contend on appeal that the district court erred in granting summary judgment on their substantive and procedural due process claims.

■ We review motions for leave to amend for an abuse of discretion. *Partington v. Gedan,* 961 F.2d 852, 866, *as amended,* (9th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992). However, in light of our strong policy permitting amendment, the denial of leave to amend is "strictly" reviewed. *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 765 (9th Cir.1986). The district court denied the Fullers' motion for leave to amend on the ground that, even as alleged in the amended complaint, the complaint would not state a constitutional violation. It did not disallow the amendment because it was untimely or for any other procedural default. Because the court did not deny the motion for any procedural reason, we consider on appeal whether the complaint as amended states a cause of action with regard to the seizure of either the dog or the person, or both.

### A. Seizure of the Dog

The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. Amend. IV. Seizures of property are subject to Fourth Amendment scrutiny even

68

though no search within the meaning of the Amendment has taken place. *Soldal v. Cook County*, —— U.S. ——, ——, 113 S.Ct. 538, 546, 121 L.Ed.2d 450 (1992). A "seizure" of property occurs, within the meaning of the Fourth Amendment, when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984).

The destruction of property is "meaningful interference" constituting a seizure under the Fourth Amendment, *Jacobsen*, 466 U.S. at 124–25, 104 S.Ct. at 1662–63; *Bonds v. Cox*, 20 F.3d 697, 701–02 (6th Cir. 1994), because the destruction of property by state officials poses as much of a threat, if not more, to people's right to be "secure . . . in their effects" as does the physical taking of them. *See Tarpley v. Greene*, 684 F.2d 1, 9 (D.C.Cir.1982). The Fullers' amended complaint alleged that the officers' killing of their dog constituted a Fourth Amendment seizure. A dog is an "effect" or "property" which can be seized. *See Lesher v. Reed*, 12 F.3d 148, 150 (8th Cir.1994). The killing of the dog is a destruction recognized as a seizure under the Fourth Amendment, and thus, the district court abused its discretion when it denied the Fullers' motion to amend on the grounds that the shooting of the dog was not a cognizable claim under the Fourth Amendment.

We conclude that the Fullers have adequately alleged a cause of action under the Fourth Amendment for the killing of their dog in the proposed amended complaint, and therefore, the motion to amend should have been granted. The affidavits submitted by the Fullers alleging the factual background are sufficient to foreclose a summary judgment on the issue. Therefore, we reverse the summary judgment on that ground.

### B. The "Seizure" of James Jr.

The Fullers also contend that the district court erred when it denied them leave to amend the complaint to allege a Fourth Amendment seizure of James Jr. based on the officer's pointing a loaded gun at him. The only allegation in the amended complaint relating to James Jr. is the following:

Defendants['] actions arbitrarily killing Champ and then pointing a gun at James Jr.'s head while threatening to send him "to the morgue" were not objectively reasonable and constituted the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

In James Jr.'s affidavit, the most that is alleged is the "Officer Peixoto pointed his gun directly at my head and said profane remarks to me." There is no contention that he was arrested or that his liberty was restrained, other than that he was not free to attack the officers. The officers contend that this action with the gun was necessary in order to keep James Jr. from attacking them. Although the Fullers argue that this was unnecessary, there is no contention that the officers indicated James Jr. was not free to leave. In order to constitute a seizure of the person, the action of the officers must be a restraint of liberty such that the person reasonably believes he is not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). It is not sufficient to constitute a seizure when the restraint is only that the person is not free to attack the officers.

Even considering the amended complaint and the factual submissions relating to James Jr., the allegations are insufficient to constitute a Fourth Amendment violation for seizure of the person. The allegations may constitute a state tort violation, but as alleged, they do not constitute a constitutional violation. We conclude that the summary judgment was properly granted as to any violation of James Jr.'s constitutional rights based on a seizure of his person in violation of the Fourth Amendment.

### III. CONCLUSION

Summary judgment was properly granted on the claim of James Jr. that his Fourth Amendment rights were violated by a seizure of the person. However, the district court erred when it denied the Fullers leave to amend to state a cause of action for the

seizure of the dog. The factual material submitted in support of that allegation creates a genuine issue of material fact precluding summary judgment. Thus, we reverse the summary judgment as to the seizure of the dog. The state law claims were dismissed because of the summary judgment on the federal claims and are therefore reinstated. We remand the case for further proceedings in accordance with this opinion and reconsideration of the dismissal of the state law claims. The Fullers' request for attorney's fees is premature as there is not, as yet, any prevailing party in this litigation.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

## ORDER

Nov. 23, 1994

The opinion filed September 16, 1994, slip op. 11235, and appearing at 36 F.3d 65 (9th Cir.1994) is amended as follows:

At pg. 68, immediately after the first sentence of the first full paragraph, replace the remainder of the paragraph with the following language.

With this amendment, the panel has voted unanimously to deny appellees' petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the en banc suggestion and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.

The petition for rehearing is **DENIED** and the suggestion for rehearing en banc is **REJECTED.**