117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James FULLER, Sr., James Fuller, Jr., Plaintiffs-Appellants,
v.
VINES, Officer; Peixoto, Officer; Ernest Clements; City
of Richmond, Defendants-Appellees.
 No. 96-15842.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 2, 1997**
Decided July 7, 1997.
 
 Before: HUG, Chief Judge, SCHROEDER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are called on to decide whether the Fullers, in asserting that Officers Vine and Peixoto (the "officers") shot and killed their family dog, have alleged the violation of a clearly established right. The district court concluded that they did not and entered summary judgment in favor of the officers on the grounds of qualified immunity. We have jurisdiction, 28 U.S.C § 1291, and we reverse.
 
 A. Clearly Established Right
 
 3
 The Fullers brought this action under 42 U.S.C. § 1983 alleging that the officers seized their family dog, "Champ," in violation of the Fourth Amendment. The district court originally dismissed the complaint for failure to state a claim, and we reversed. Fuller v. Vines, 36 F.3d 65, 68 (9th Cir.1994) ("Fuller I "). Following our remand, the officers moved for summary judgment, arguing that they were entitled to qualified immunity. The district court entered summary judgment in their favor. The Fullers appealed.
 
 
 4
 The Fullers bear the burden of showing that their right, which allegedly was violated when the officers shot and killed Champ, was clearly established. See Perkins v. City of West Covina, 113 F.3d 1004, 1008 (9th Cir.1997). To be clearly established for qualified immunity purposes, the contours of the asserted right must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Camarillo v. McCarthy, 998 F.2d 638, 640 (9th Cir.1993). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful...." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Rather, the unlawfulness of the conduct need only have been apparent in light of preexisting law. Id.
 
 
 5
 At least since 1984, it has been clear that "[a] 'seizure' of property occurs ... when 'there is some meaningful interference with an individual's possessory interests in that property." Fuller I, 36 F.3d at 68. The officers concede that a dog is property. They maintain, however, that it was not clearly established that shooting and killing a dog constituted a "seizure" within the meaning of the Fourth Amendment in 1991. They seek to limit the term seizure to "entering someone's private residence, or taking possession of their property."
 
 
 6
 As we stated in Fuller I, "The destruction of property is 'meaningful interference' constituting a seizure under the Fourth Amendment...." Fuller I, 36 F.3d at 68 (citing United States v. Jacobsen, 466 U.S. 109, 124-25 (1984)). Shooting and killing a dog clearly constitutes "destruction" of that dog. In 1991 it was apparent in light of preexisting law that shooting and killing a dog constituted a seizure within the meaning of the Fourth Amendment. The district court thus erred in entering summary judgment for the officers.
 
 B. Attorneys' Fee
 
 7
 The Fullers have requested interim attorneys' fees under 42 U.S.C. § 1988. Only a party prevailing "on the merits of at least some of [the party's] claims" can obtain attorneys' fees under § 1988. Hanrahan v. Hampton, 446 U.S. 754, 758 (1980) (per curium). The Fullers are not prevailing parties within the meaning of § 1988 where, as here, they obtained only the reversal of a summary judgment against them. See Richardson v. Penfold, 900 F.2d 116, 119 (7th Cir.1990) (holding plaintiff who obtained reversal of summary judgment was not prevailing party within meaning of § 1988).
 
 
 8
 The decision of the district court is REVERSED and the case is REMANDED to the district court for proceedings consistent with this disposition.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3