# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3414

_____

Darwin Anderson and      *
Gregory Fisk,      *
     *
     Appellants,      *
     *
     v.      *
     *
State of Nebraska, Department      *
of Public Institutions/Lincoln      *
Regional Center; Jai Sookram,      *
Individually and in His Official      *    Appeal from the United States
Capacity; Rose Kaufman,      *    District Court for the District
Individually and in Her Official      *    of Nebraska.
Capacity; Melinda White,      *
Individually and in Her Official      *    [UNPUBLISHED]
Capacity; Pat Mulvaney,      *
Individually and in Her Official      *
Capacity; and Bill H. Zinn, Individually      *
and in His Official Capacity,      *
     *
     Appellees.      *

_____

Submitted: June 13, 2000

Filed: July 20, 2000

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Darwin Anderson and Gregory Fisk, who were employed as security specialists by the State of Nebraska at the Lincoln Regional Center (LRC), were charged with caring for patients commonly known as the criminally insane. After one such patient escaped, Messrs. Anderson and Fisk's employment was terminated. They then brought this action, claiming that they were fired on account of their sex, in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e-2(a)(1), and the equal protection clause of the fourteenth amendment; that they were not reinstated to their jobs in retaliation for having complained that they were discharged in violation of Title VII, *see* 42 U.S.C. § 2000e-3(a); and that they were fired in violation of their first amendment rights. After a four-day trial, the magistrate judge[1] granted the defendants' motion for judgment as a matter of law, *see* Fed. R. Civ. P. 50(a), on all claims. The plaintiffs appeal and we affirm.

The plaintiffs' sex discrimination claim was grounded on the assertion that a female security specialist whose patient had escaped while he was in her charge had not been disciplined at all, while they were terminated in what were for all practical purposes the same circumstances. We are, first of all, not at all certain that proof of a single incident of a same or similar character involving a person of the opposite sex is sufficient to raise an inference of sex discrimination in violation of Title VII or the equal protection clause. In any event, however, as the magistrate judge pointed out, in this case the plaintiffs were not similarly situated to the female security specialist to whom they wish to be compared. The plaintiffs failed to keep their patients in view while they were outside on a smoking break, as they were required to do, and they also failed to make the required head count when patients left the ward and returned to it.

---

[1]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska, sitting by consent of the parties. *See* 28 U.S.C. § 636(c)(1); *see also* Fed. R. Civ. P. 73(a).

-2-

The female security specialist, on the other hand, had kept her patient in full view and had reported his escape immediately after he had climbed a wall. There was, moreover, no substantial evidence that she had violated any rule of the LRC that allowed her patient to effect his escape. The plaintiffs' sex discrimination claim therefore fails for lack of proof.

The plaintiffs' retaliation claim was that they were not reinstated to their jobs because they had complained to the Equal Employment Opportunity Commission that they were discharged on account of their sex, *see* 42 U.S.C. § 2000e-3(a), § 2000e-5. In order to avoid judgment as a matter of law on this claim, the plaintiffs' proof must, of course, raise an inference that some causal connection existed between their complaint to the EEOC and the LRC's failure to reinstate them. Here, that proof is simply lacking. The plaintiffs point to the fact that a third complainant in this suit, one Manual Gamez, who did not file a complaint with the EEOC, was reinstated to his job, and the plaintiffs were not. But the defendants gave Mr. Gamez his job back because he pursued his administrative appeals and the Nebraska State Personnel Board ordered his reinstatement. The plaintiffs, by contrast, abandoned their bid for reinstatement at an early point in the administrative process. As the magistrate judge noted, moreover, there was no evidence that the plaintiffs ever asked the LRC for reinstatement thereafter.

We are likewise of the view that the magistrate judge did not err in granting judgment to the defendants on the first amendment claim. There was a great deal of evidence that the plaintiffs and others engaged in pointed discussions with the defendants concerning a change in the LRC's smoking policy. After a careful reading and consideration of the record, however, we agree entirely with the magistrate judge that the matters under discussion were not matters of public concern, as the relevant cases define that term, and so the plaintiffs failed to make out a submissible case on their first amendment claim. The plaintiffs' criticism of the new policy centered almost entirely on its supposed risks to the health and safety of the patients and staff, and thus

did not relate to some "matter of political, social, or other concern to the community," *Connick v. Myers*, 461 U.S. 138, 146 (1983). There was, it is true, some testimony about the increased danger of escapes that the new policy might create, and such a risk might well qualify as a matter of public concern; but that testimony was minimal and it came from a complainant who has not appealed. In addition, such concerns as were expressed occurred in a private forum, not a public one, a circumstance that we have held is relevant in deciding that the first amendment does not protect a public employee from suffering adverse consequences for speaking out. *See Bausworth v. Hazelwood School District*, 986 F.2d 1197, 1198-99 (8th Cir. 1993). In the circumstances, we think that the magistrate judge quite rightly entered judgment against the plaintiffs on their first amendment claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.