Chris MILLER; Penny Miller;
Corinne Miller, Plaintiff—
Appellees,

v.

PLACER COUNTY; Kevin
Besana, Defendants,

and

Tracy Grant; Ron Goodpaster; Steven
Schafer; Donald Hutchinson,
Defendants—Appellants.

No. 03–15065.
D.C. No. CV–00–00569–GEB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Jan. 2, 2004.

Dennis Roberts, Paul Raymond Turley, Attorney at Law, Oakland, CA, for Plaintiffs–Appellees.

Valerie D. Flood, Esq., Office of the County Counsel, Auburn, CA, for Defendants.

David K. Huskey, Placer County Counsel, Auburn, CA, for Defendants–Appellants.

Before SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Placer County Sheriff's Deputies appeal the district court's denial of their motion for summary judgment based on qualified immunity. The plaintiffs, Chris, Penny and Corinne Miller, a ten-year-old child, filed a Section 1983 action claiming that the defendant deputies violated the Fourth Amendment while executing a search warrant in their home. The facts are not materially disputed. The deputies had a warrant to search for marijuana. They entered the house and handcuffed the mother, ordering her and the young child to sit down while deputies located the father in a bedroom. The deputies' guns were drawn and pointed at the mother and child for approximately 10–15 minutes.

The district court denied the deputies' qualified immunity motions against the Millers' claims that the deputies (1) used excessive force by pointing guns at Penny and Corinne; (2) used excessive force against Chris Miller when seating him, pushing him and grabbing him; and (3) engaged in an unreasonable seizure by yelling at Chris Miller and denying him food, water, and the use of a bathroom during a four-hour search. The deputies argued that they were entitled to qualified immunity against Penny's and Corinne's claims because in 1999, at the time of this incident, the law was not clearly established that pointing a gun alone can amount to a claim of excessive force. *Compare Fuller v. Vines*, 36 F.3d 65 (9th Cir.1994) *with Robinson v. Solano County*, 278 F.3d 1007 (9th Cir.2002). Both *Fuller* and *Robinson* involved police conduct consisting solely of pointing guns at adults.

■ The district court properly denied qualified immunity for Penny's and Corinne's claims in this case. With respect to the child, Corinne, the only law in existence at the time was clear: pointing a gun at a child when they posed no theat to officers constituted excessive force. *McDonald v. Haskins*, 966 F.2d 292 (7th Cir. 1992); *see also Drummond v. Anaheim*, 343 F.3d 1052, 1060–61 (9th Cir.2003) (where only law is clear, denial of immunity appropriate in absence of Ninth Circuit decisions squarely on point). Penny Miller's excessive force claim involved not only the pointing of the guns, but also forcible restraint in handcuffs while she was seated and not resisting. We therefore affirm the district court's holding that deputies were not entitled to qualified immunity for their restraint of the mother and child.

■ The district court also denied qualified immunity on Chris Miller's assertions that the force used again him was excessive and that the seizure was unreasonable. Chris Miller claims that the deputies acted unreasonably when they found him in the bedroom, woke him by yelling, and then restrained him and did not allow him to eat, drink, or have bathroom facilities during the duration of the search. He also claims that the deputies used excessive force by seating him, pushing him, and grabbing him.

Assuming the facts in a light most favorable to Chris Miller's claim, we conclude the district court erred in denying immunity. Chris Miller was a suspect, whom

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

deputies had probable cause to arrest for cultivation of marijuana, and they had a warrant to search his home. While Chris Miller alleges that he was a chronic pain patient, he does not allege that deputies had any reason to know he suffered from any medical condition that made his need to eat, drink, or use the bathroom more urgent than that of any other person. It was not unreasonable to detain him during the search and the force was not excessive. *See Saucier v. Katz,* 533 U.S. 194, 206–09, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2000); *Michigan v. Summers,* 452 U.S. 692, 704–05, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); *Franklin v. Foxworth,* 31 F.3d 873, 876–77 (9th Cir.1994).

Accordingly, we affirm the district court's denial of qualified immunity with respect to the claims of Penny and Corinne Miller. The officers were entitled to qualified immunity with regard to the claims asserted by the actual suspect, Chris Miller. We therefore reverse the district court's order denying immunity on Chris's claims and remand with instructions to dismiss them.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.