**Chris Dominic BLACKMORE,**
**Plaintiff—Appellant,**

v.

**CITY OF PHOENIX; et al.,**
**Defendants—Appellees.**

No. 03–16126.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2004.*

Decided Feb. 3, 2005.

---

1. Caesars World's motion to dismiss this appeal based on the fugitive disentitlement doctrine is denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Keith M. Knowlton, Esq., Keith M. Knowlton LLC, Mesa, AZ, for Plaintiff—Appellant.

David J. Damron, Victoria P. Skinner, Julianne Debra Blumenreich, Sanders & Parks, P.C., Susan Linde Hable, Ursula H. Gordwin, Maricopa County Attorney's Office, Division of County Counsel, Phoenix, AZ, for Defendants—Appellees.

Before: O'SCANNLAIN, COWEN,** and BEA, Circuit Judges.

### MEMORANDUM ***

Chris Dominic Blackmore appeals from the district court's grant of summary judg-

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment in favor of all defendants based on qualified immunity, and the denial of plaintiff's cross-motion for partial summary judgment on liability. Blackmore brought an action against the City of Phoenix, the City of Phoenix Police Department, Officer Arndt, Maricopa County, Maricopa County Board of Supervisors, Maricopa County Sheriff's Office, and Sheriff's Deputies Rogers, Shay and Rouse under state law for malicious prosecution, false arrest, false imprisonment, assault, battery, excessive force, negligence and gross negligence. He also made a claim under 42 U.S.C. § 1983 for a violation of his civil rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here. Because the officers had probable cause to arrest Blackmore, and because Blackmore failed to introduce evidence that any one of the defendant officers used excessive force, we affirm on all grounds.[1]

This court reviews the district court's decision regarding qualified immunity *de novo. Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir.2002). "Summary judgment is appropriate if the evidence, read in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Id.*

Qualified immunity serves to shield government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). We use the following test in determining qualified immunity claims on summary judgment motion: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If no constitutional right was violated, the inquiry is at an end. *Id.* If no constitutional right was violated, the inquiry ends. *Id.* If a constitutional right was violated, we then must determine whether that right was clearly established at the time the officer violated it. *Id.* at 202, 121 S.Ct. 2151.

Claims of false arrest, false imprisonment, malicious prosecution,[2] negligence and gross negligence against an arresting officer can all be defeated by proof the officers making the arrest had probable cause. *Cullison v. City of Peoria,* 120 Ariz. 165, 584 P.2d 1156, 1159–61 (1978); *see also Gasho v. United States,* 39 F.3d 1420, 1427 (9th Cir.1994). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground,* 943 F.2d 1132, 1135 (9th Cir.1991).

---

1. The claims against the City of Phoenix Police Department and the Maricopa County Sheriff's Office were dismissed without prejudice pursuant to stipulated orders, and these orders have not been appealed.

2. If a defendant named in a malicious prosecution complaint is not the officer who actually arrested the plaintiff, or the entity which actually prosecuted the plaintiff, no cause of action for malicious prosecution may be brought against that defendant. *See Jenkins v. Keating,* 147 F.3d 577, 583 (7th Cir.1998). Maricopa County Sheriff's Deputy Rogers was the arresting officer. Therefore, the district court properly dismissed Blackmore's charges of malicious prosecution against Officer Arndt and the City of Phoenix.

■ Blackmore was arrested for disorderly conduct under Arizona law. ARIZ. REV.STAT. ANN. § 13–2904(A)(5) (1999). Construing all evidence in Blackmore's favor, the record reveals that an ordinarily prudent officer could reasonably conclude Blackmore had committed the offense of disorderly conduct, *i.e.*, that Blackmore had failed to obey an order to disperse, issued to maintain public safety, in proximity to what the officers reasonably perceived to be an emergency.

The district court also found that the officers had probable cause to arrest Blackmore, if not for disorderly conduct, then for the closely related charges of refusing to disperse under *Id.* at § 13–3804 (failing to immediately disperse from an unlawfully or riotously assembled group of persons after being commanded to immediately disperse) or trespassing under *Id.* at § 13–1502(A)(1) (knowingly remaining unlawfully on any real property after a reasonable request to leave).

Under Ninth Circuit law, "probable cause may still exist for a *closely related* offense, even if that offense was not invoked by the arresting officer, as long as it involves the *same conduct* for which the suspect was arrested." *Alford v. Haner*, 333 F.3d 972, 976 (9th Cir.2003) (emphasis in original) (citation omitted); *see also Gassner v. City of Garland*, 864 F.2d 394, 396–400 (5th Cir.1989).

The record supports the district court's findings of fact. Blackmore admits he was trespassing, and admits he did not leave the area voluntarily after repeated requests by the officers to do so. It is also undisputed that Blackmore was part of a large crowd, and some members of the crowd were throwing bottles and rocks at the officers. Accordingly, the officers had probable cause to arrest Blackmore.

Blackmore was not arrested for his speech, he was arrested for his conduct—his failure to leave the area when ordered to do so. Although Blackmore argues that the officers were motivated by his speech, an officer's subjective motivation in taking an action does not invalidate objectively justifiable behavior under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 812, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

■ Blackmore also sued the City of Phoenix, Maricopa County, and the Maricopa County Board of Supervisors for negligence and gross negligence, alleging that they were negligent in hiring and retaining Officer Arndt, and Deputies Rogers, Shay and Rouse. The City of Phoenix, Maricopa County, and the Maricopa County Board of Supervisors were entitled to summary judgment on these claims because their liability was based ·on a theory of respondeat superior. Because the law enforcement officers are entitled to summary judgment on these claims, so are the entities that employed them. *Mulhern v. City of Scottsdale*, 165 Ariz. 395, 799 P.2d 15, 18 (1990). Further, Blackmore offered no evidence regarding the employment or training practices of these entities.

■ Blackmore contends that the officers' use of a "take-down" procedure to arrest him constituted excessive force. It is clear from the record, however, that Blackmore was refusing to obey the officers' commands that he leave the area where he was trespassing, and he then put his hand in his pocket and did not comply with the officers' instructions to take his hand out. Deputy Rogers reasonably perceived Officer Arndt had ordered Blackmore to get his hand out of his pocket. Rogers did not have to wait to see what was in Blackmore's hand before taking Blackmore to the ground to protect everyone. Officers in Arizona are authorized to use reasonable force in effecting a lawful

arrest. ARIZ.REV.STAT. ANN. § 13–409 (1999). If these conditions are met, the officer is immune from a civil suit. *Id.* at § 13–413. The evidence in the record demonstrates that the officers did not violate the standard of care for a "takedown."

■ Blackmore testified in his deposition that an unidentified police officer pointed a shotgun at his head after he was already handcuffed and was unarmed. Yet Blackmore cannot prevail on his claim that the officer who pointed a shotgun at his head violated a clearly established right. This circuit had not clearly established that pointing a firearm at an unarmed suspect's head who posed no immediate risk to the safety of the officers or others was a use of excessive force until the decision in *Robinson v. Solano County,* 278 F.3d 1007 (9th Cir.2002) (en banc) (overruling *Fuller v. Vines,* 36 F.3d 65 (9th Cir.1994)). Here, the conduct at issue occurred in 2000. Therefore, the law was not clearly established at the time of the conduct and the officers are entitled to qualified immunity for the allegation that one of them pointed a shotgun at Blackmore's head.

■ Additionally, Blackmore testified in his deposition that an officer dug the heel of his boot into Blackmore's back, and that an officer kicked him. This is evidence of excessive force. *See Ruvalcaba v. City of Los Angeles,* 167 F.3d 514 (9th Cir.1999). Blackmore's testimony, however, does not establish that it was any of the named defendants who committed these acts. He does not name either the officer who dug his heel into Blackmore's back, nor the officer who kicked him. While this may well be because he could not see who committed either of these acts, he had at least three friends at the event with him, including two who were deposed—Michael Wolfinberger and Chris White—and

Blackmore stated that there were numerous witnesses, some of whom were videotaping the entire event. Despite these numerous witnesses, Blackmore failed to present any evidence of the identity of the perpetrators. Nor does Blackmore allege that there was any sort of conspiracy among the police officers to permit these unknown assailants to violate Blackmore's rights. It could be that one of the other civilians, or even another officer who has not been sued, committed these acts. There is no way to tell. Accordingly, although Blackmore's deposition does create a triable issue of fact that a clearly established right was violated, it does not create one as to these named defendants. Section 1983 liability for officers involved in questionable actions cannot be based on a group liability theory. *Jones v. Williams,* 297 F.3d 930 (9th Cir.2002); *Chuman v. Wright,* 76 F.3d 292, 294 (9th Cir.1996); *Ting v. United States,* 927 F.2d 1504, 1511–12 (9th Cir.1991).

■ The City of Phoenix, Maricopa County, and the Maricopa County Board of Supervisors were also entitled to summary judgment. For a plaintiff to establish a section 1983 claim against a city or county, the plaintiff must show that he suffered a deprivation of his constitutional rights as a result of an official policy, custom or practice. *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir. 1989). Here, Blackmore did not introduce any evidence of a policy, custom, or practice of using excessive force by any of these defendants.

AFFIRMED.