# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1368

_____

Mark McGee,                                              *
                                                        *
    Plaintiff - Appellant,                               *
                                                        *  Appeal from the United States
    v.                                                   *  District Court for the
                                                        *  Eastern District of Missouri.
Public Water Supply, District #2 of                     *
Jefferson County, Missouri, et al.,                     *
                                                        *
    Defendants - Appellees.                              *

_____

Submitted:  September 29, 2006
Filed:  December 27, 2006

_____

Before LOKEN, Chief Judge, SMITH and GRUENDER, Circuit Judges.

_____

LOKEN, Chief Judge.

The Board of Directors of the Jefferson County Public Water Supply District #2 ("the District") hired Mark McGee as District Manager in January 2003. In the ensuing months, McGee feuded with other District employees. One quit, saying McGee was a "jerk." He also urged the Board to replace Tom Dismuke, a highly regarded civil engineer with a long-standing working relationship with the District. In August 2004, the Board voted to eliminate the District Manager position, thereby terminating McGee's employ. McGee filed this action under 42 U.S.C. § 1983 against the Board and the four members who voted to eliminate his position, claiming that he was discharged in retaliation for exercising his First Amendment right to speak out

regarding the District's compliance with environmental regulations. He now appeals the district court's[1] grant of summary judgment in favor of all defendants. Reviewing this decision *de novo*, and applying the Supreme Court's recent controlling decision in Garcetti v. Ceballos, 125 S. Ct. 1951 (2006), we affirm. McGee's claim of unconstitutional retaliation fails because "the First Amendment does not prohibit managerial discipline based on [a public] employee's expressions made pursuant to [his] official responsibilities." Id. at 1961.

## I.

A public employer "may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." Rankin v. McPherson, 483 U.S. 378, 383 (1987) (citation omitted). McGee argues on appeal that the First Amendment protected his statements to Board members regarding controversies over the manner in which to complete two District projects:

-- After contractors repaired a leaking septic tank at the District's water treatment plant that threatened to contaminate a nearby river, McGee met with Dismuke and Board members Thomas Thornton and Richard Benner at the site on August 16, 2004, to inspect the septic tank area. McGee asserted that raw sewage was continuing to contaminate the area because the tank was not properly repaired. Dismuke and Thornton disagreed. McGee threatened to bulldoze the area to prevent sewage from spreading, saying that "as District Manager, I will not do anything illegal, and that's a sewer mess in the middle of the water treatment plant." Thornton angrily replied, "[y]ou're building a dynasty, we'll see about that," and stormed away. The next day, Thornton reported the encounter at a regular Board meeting. Two days

---

[1]The HONORABLE MARY ANN L. MEDLER, United States Magistrate Judge for the Eastern District of Missouri, who exercised jurisdiction over the case with the consent of the parties. See 28 U.S.C. § 636(c).

later, the Board eliminated McGee's position.  The District tested the water near the septic tank the following month and found no sewage present.

-- When the District needed to relocate a water pipe containing asbestos, McGee proposed that the pipe be replaced.  The Board instead adopted Dismuke's less expensive plan of cutting sections of the pipe and moving them to the new location.  The day before his position was eliminated, McGee expressed concern that the contractor was not doing required water testing each time the pipe was cut.  Dismuke and water plant manager Brian Allen contacted the Missouri Department of Natural Resources and were advised that the District must flush the cut pipe, but testing was not required.  The District later tested the water and found no asbestos.

The district court ruled that McGee's role in these controversies did not involve protected speech because he "was not speaking as a concerned citizen but rather was speaking and functioning as an employee who was performing his job."

## II.

To decide whether a public employee's speech is protected by the First Amendment, a court must first determine "whether the employee spoke as a citizen on a matter of public concern."  Garcetti, 126 S. Ct. at 1958 (citation omitted).[2]  This is a question of law for the court.  Connick v. Meyers, 461 U.S. 138, 148 n.7 (1983).  The Supreme Court's decisions prior to Garcetti clarified this issue in many recurring contexts.  On the one hand, when a government employee speaks "as an employee upon matters only of personal interest," such as many personnel matters, the First

---

[2]If this question is answered in the affirmative, the court must then determine "whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public."  126 S. Ct. at 1958, citing Pickering v. Board of Educ., 391 U.S. 563, 568 (1968).  Here, we need not reach this second issue.

Amendment does not offer protection. Connick, 461 U.S. at 147. On the other hand, when a government employee speaks "as a citizen" -- that is, outside the scope of employment -- on "matters of public concern," the First Amendment offers protection if the speech survives the Pickering balancing test briefly described in footnote 2.

Many First Amendment retaliation claims have not fit neatly into either of these categories. Garcetti was such a case, presenting the issue, as does this case, of whether the First Amendment protects a government employee from retaliation when he "speaks upon a matter of public concern and does so in the course of his ordinary duties as a government employee." 126 S. Ct. at 1974 (Breyer, J., dissenting). Environmental and public safety issues are obvious examples of matters that are of concern to the general public. Our decisions prior to Garcetti were not altogether consistent in resolving whether a retaliation claim involving employee speech that falls into this third category requires Pickering balancing, which often precludes the grant of summary judgment. Compare, e.g., Buazard v. Meridith, 172 F.3d 546, 548-49 (8th Cir. 1999), and Bausworth v. Hazelwood School Dist., 986 F.2d 1197, 1199 (8th Cir. 1993), with Kincaid v. City of Blue Springs, Mo., 64 F.3d 389, 396-98 (8th Cir. 1995), cert. denied, 517 U.S. 1166 (1996).

In Garcetti, a deputy district attorney alleged that he was transferred and demoted after writing a memorandum urging the dismissal of a prosecution because of perceived misrepresentations in a search warrant affidavit. The Supreme Court held, without challenging the Court of Appeals' conclusion that the employee's memorandum addressed a matter of public concern, "that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 126 S. Ct. at 1960. The Court noted that determining the scope of an employee's official duties for these purposes is a practical inquiry that focuses on "the duties an employee actually is expected to perform," rather than his formal job description. Id. at 1961-62. A public employee's speech

is not protected by the First Amendment if it "owes its existence" to his professional responsibilities.  Id. at 1960.

McGee's brief on appeal stated that his duties as District Manager included acting as liaison between District employees and the Board, supervising District employees and equipment, and informing the Board of legal requirements and statutes. He argues that Garcetti "does not impact" this appeal because he was removed from the water pipe relocation project and was told not to concern himself with the septic tank problem; therefore, his statements regarding environmental compliance were not made pursuant to his official job duties.  However, the projects clearly fell within both McGee's overall supervisory duties as District Manager and his admitted duty to advise the Board regarding regulatory and legal requirements.

When the Board chose civil engineer Dismuke's proposals for repairing the septic tank and relocating the water pipe, rejecting McGee's more costly options, McGee complained that the septic tank was not properly repaired, he threatened to bulldoze over the site himself, and he insisted the water pipe relocation project required additional asbestos testing.  This was an exercise of McGee's official duties. It was also the assertion of more authority than the Board wanted its District Manager to have.  The Board's rather predictable response was to eliminate the position.  This was an exercise of the Board's managerial discretion that Garcetti expressly leaves to public employers, not to federal courts applying the First Amendment.  126 S. Ct. at 1960-61.

For these reasons, the district court correctly concluded that McGee's First Amendment retaliation claims are premised on statements that were not protected speech.  Accordingly, the judgment of the district court is affirmed.

_____