# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1682

_____

Gary Anderson,

      Appellant,

v.

Douglas County School District 0001,
also known as Omaha Public School,

      Appellee.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

_____

Submitted: July 31, 2009
Filed: August 14, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Gary Anderson appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action in which he claimed that his employment was terminated in retaliation for speaking out to his superiors on matters of public concern, in violation of the First and Fourteenth Amendments. Specifically, Anderson alleged that he was terminated in retaliation for making reports to other Omaha Public School

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

(OPS) staff about possible pay irregularities, invalid service contracts, and a discrepancy in budgetary funds.

We agree with the district court that the speech at issue was not protected by the First Amendment because Anderson admitted in his deposition testimony that in each instance the speech was made in the course of his duties as the coordinator of technical support for the information management services department. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (de novo review); Garcetti v. Ceballos, 547 U.S. 410, 418, 421 (2006) (to decide whether public employee's speech is protected by First Amendment, court must first determine whether employee spoke as citizen on matter of public concern); McGee v. Pub. Water Supply, 471 F.3d 918, 920 (8th Cir. 2006) (no First Amendment protection arises if employee speaks upon matters only of personal interest, or speaks on matter of public concern in course of duties as government employee).

Anderson argues that OPS violated his contract rights, and also discriminated against him based on his age, race, or sex, but these issues were not raised below and therefore they are not properly before us. See Johnson v. City of Shorewood, 360 F.3d 810, 817 (8th Cir. 2004) (refusing to consider claims not properly raised in district court). Finally, we find no basis for reversal based on his complaints about counsel, see Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002) (no statutory or constitutional right to effective assistance of counsel in civil case), or based on his newly raised complaints about the admission of certain deposition testimony, see Cole v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., 533 F.3d 932, 936 (8th Cir. 2008) (plain-error review).

Accordingly, the judgment is affirmed.

_____